MARSHA L. MORROW, State Bar No. 71903
EDWARD J. TAFE, State Bar No. 175888
COLLIAU ELENIUS MURPHY CARLUCCIO
 KEENER & MORROW
405 Howard Street, Suite 600
San Francisco, CA 94105
Phone: (415) 932-7000
Fax: (415) 932-7001
E-Mail: marsha.morrow@cna.com
        edward.tafe@cna.com

Attorneys for Plaintiff
NATIONAL FIRE INSURANCE COMPANY OF
HARTFORD, SUCCESSOR BY MERGER TO
TRANSCONTINENTAL INSURANCE COMPANY,
ERRONEOUSLY SUED AS TRANSCONTINENTAL
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, SUCCESSOR BY MERGER TO TRANSCONTINENTAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>MARK ROBERTS, BEVERLY ROBERTS, and DOES 1 through 20,<br><br>Defendants. | Civil Action No.: CV 08 2957<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL; AND CERTIFICATION OF INTERESTED ENTITIES** |

///

///

///

1  Plaintiff, National Fire Insurance Company Of Hartford, Successor By Merger To Transcontinental Insurance Company ("National Fire"), as and for its Complaint for Declaratory Relief against Defendants, Mark Roberts and Beverly Roberts (the "Roberts"), alleges as follows:

## THE PARTIES

1. Plaintiff National Fire, successor by merger to Transcontinental Insurance Company, is an Illinois corporation with its principal place of business in Chicago, Illinois. At all relevant times, National Fire was and is authorized to do business in the State of California. At all times prior to January 1, 2008, Transcontinental Insurance Company was authorized to do business in the State of California.

2. Defendants Mark and Beverly Roberts are citizens of California residing in the City of Hillsborough.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs.

4. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 in that a substantial portion of the events giving rise to the claims at issue in this Complaint took place in this district.

## CLAIM FOR DECLARATORY RELIEF

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

6. There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to the existence of insurance coverage available to the Roberts under the Personal Catastrophe Liability policy number CPA 167048273 issued by National Fire's predecessor to Mark A. Roberts for the policy period from November 1, 2005 through November 1, 2006 (the "Transcontinental Policy").

///

7. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because National Fire has no adequate remedy at law which will resolve the current controversy.

## GENERAL ALLEGATIONS

A. **The Underlying Action**

8. On or about October 19, 2006, minor Troy Spielberg, by his Guardian Ad Litem Barbara Spielberg, filed a complaint against the Roberts in the Superior Court of California, County of San Mateo, under case number CIV 458423 (the "Underlying Action").

9. The Underlying Action alleges that on March 4, 2006, Spielberg was a passenger in a Lexus automobile driven by Mark Roberts while Roberts was willfully and unlawfully under the influence of alcohol and/or drugs, and with a willful, wanton and reckless disregard for the safety of Spielberg.

10. Spielberg contends that as a proximate result of Mark Roberts' conduct, the vehicle went off the road and flipped over, causing personal injury to Spielberg.

11. With respect to Beverly Roberts, Spielberg alleges that she negligently entrusted the vehicle to her husband and allowed him to drive despite knowing that he was intoxicated and incapable of operating the vehicle safely.

12. Spielberg further alleges that Beverly Roberts acted with a willful, wanton and reckless disregard for Spielberg's safety and with knowledge of her husband's drinking problem.

13. Based on the foregoing allegations, Spielberg asserts causes of action against the Roberts for Motor Vehicle General Negligence, Intentional Tort and Exemplary Damages.

14. Spielberg seeks compensatory and punitive damages from the Roberts in the Underlying Action.

15. Upon information and belief, Mark Roberts pled no contest to a driving under the influence violation.

B. **The Insurance Policies**

16. Upon information and belief, the Roberts' primary insurance carrier, GMAC

Insurance, has assumed their defense in the Underlying Action.

17. Upon information and belief, the primary policy issued by GMAC Insurance provides limits of $250,000.

18. National Fire issued Personal Catastrophe Liability policy number CPA 167048273 to Mark A. Roberts for the policy period from November 1, 2005 through November 1, 2006 (the "Transcontinental Policy"), which was excess over the limits of the GMAC policy.

19. Although notice of the Underlying Action was provided to National Fire on or about July 25, 2007, it was not until on or about June 2, 2008 that National Fire was advised by the Roberts' defense counsel that the potential exposure of the Underlying Action could implicate the limits of the Transcontinental Policy.

20. The Transcontinental Policy contains the following definition, in pertinent part:

21. **Insured** means:

    a. **You**;
    b. The following residents of **your** household:
        (1) **Your** relatives;
        (2) Any other person under the age of 21 in the care of **you** or **your relatives**;

* * *

22. The Transcontinental Policy also contains the following exclusions, in relevant part:

5. **Intentional Acts**

**We** will not pay for or defend any claim or suit which results from **bodily injury** or **property damage** which:

a. Arises from an act intended by an **insured**;

b. Arises from an **insured's** failure to act; or

c. Arises from an act which a reasonable person would expect to cause **bodily injury** or **property damage**.

This applies even if the injury or damage is of a different degree or type than actually intended or expected.

Mental disease, defect, or other disorder that an **insured** may have, or an

insured's being voluntarily or involuntarily under the influence of drugs or alcohol, will not negate or modify the application of this exclusion. The intention to cause **bodily injury**, or **property damage**, or the ability to reason that **bodily injury** or **property damage** will be caused, shall be determined as though any such mental disease, defect, or other disorder an **insured** may have did not exist.

This exclusion does not apply where the **bodily injury** or **property damage** arises from an **insured's** negligence or from an **insured's** use of reasonable action to protect persons or property.

6. **Violation of Law**

We will not pay for or defend any claim or suit which results from **bodily injury, personal injury,** or **property damage** arising from criminal acts by, with the consent of, or at the direction of an **insured**.

7. **Punitive Damages**

We will not pay for or defend any claim or suit which results from **bodily injury, personal injury,** or **property damage** assessed as punitive, exemplary, or vindictive against an **insured** regardless of any other provision of this policy.

23. An actual and present controversy has arisen and now exists between plaintiff National Fire and defendants Mark Roberts and Beverly Roberts concerning their respective rights and obligations under the aforementioned Transcontinental Policy. Based upon the terms, conditions and limitations set forth therein, National Fire contends that coverage for the claims asserted by Spielberg against the Roberts is precluded by the foregoing exclusions.

24. National Fire believes and thereon alleges that Mark Roberts and Beverly Roberts would dispute National Fire's contention regarding the lack of coverage for the Spielberg claim, and therefore requires a judicial determination of the rights and obligations of the parties herein regarding the underlying Spielberg claim.

25. National Fire desires a judicial determination and declaration of National Fire's and Mark Roberts' and Beverly Roberts' rights and obligations under the Transcontinental Policy. Specifically, National Fire seeks a declaration that National Fire is not obligated to indemnify Mark Roberts and/or Beverly Roberts with regard to the underlying Spielberg claim.

///

26. No adequate remedy of law is available to National Fire. A judicial declaration is necessary and appropriate at this time in order that National Fire may obtain a ruling that it has no obligation to defend or indemnify Mark Roberts and/or Beverly Roberts with regard to the underlying Spielberg claim.

## COUNT I

### (Declaratory Judgment – Violation of Law Exclusion)

27. National Fire repeats and realleges each and every allegation set forth in paragraphs 1 through 26 with the same force and effect as if fully set forth herein.

28. The Transcontinental Policy expressly precludes coverage for bodily injury or personal injury "arising from criminal acts by, with the consent of, or at the direction of an insured."

29. Because Mark and Beverly Roberts are insureds under the Transcontinental Policy, any and all claims arising from criminal acts by, with the consent of, or at the direction of either Mark or Beverly Roberts are precluded by the Violation of Law exclusion.

30. The allegations of the Underlying Action arise out of Mark Roberts' alleged criminal act of driving under the influence of alcohol and/or drugs.

31. The allegations of the Underlying Action arise out of Beverly Roberts' alleged consent to Mark Roberts' criminal act of driving under the influence of alcohol and/or drugs.

32. Coverage for the Underlying Action is precluded by the Violation of Law exclusion in the Transcontinental Policy.

33. By reason of the foregoing, National Fire seeks and is entitled to a declaration that it has no obligation to defend or indemnify Mark Roberts or Beverly Roberts in connection with the Underlying Action.

**WHEREFORE**, Plaintiff National Fire prays for judgment in its favor and against Defendant Mark and Beverly Roberts as set forth below.

## COUNT II

### (Declaratory Judgment – Intentional Acts Exclusion)

34. National Fire repeats, reiterates and realleges each and every allegation contained in

paragraphs 1 through 33 with the same force and effect as if fully set forth herein at length.

35. The Transcontinental Policy expressly precludes coverage for any claim which "arises from an act intended by an insured; . . . arises from an insured's failure to act; or . . . arises from an act which a reasonable person would expect to cause bodily injury or property damage."

36. The foregoing exclusion applies "even if the injury or damage is of a different degree or type than actually intended or expected."

37. Furthermore, an insured's being voluntarily or involuntarily under the influence of drugs or alcohol will not negate or modify the application of the Intentional Acts exclusion, and the ability to reason that bodily injury or property damage will be caused shall be determined as though any such condition did not exist.

38. The allegations of the Underlying Action arise from Mark Roberts' alleged act of driving while under the influence of drugs and/or alcohol, which constitutes "an act which a reasonable person would expect to cause bodily injury or property damage."

39. The allegations of the Underlying Action arise from Beverly Roberts' alleged "failure to act" to prevent Mark Roberts' act of driving while under the influence of alcohol and/or drugs.

40. Coverage for the Underlying Action is precluded by the Intentional Acts exclusion in the Transcontinental Policy.

41. By reason of the foregoing, National Fire seeks and is entitled to a declaration that it has no obligation to defend or indemnify Mark Roberts or Beverly Roberts in connection with the Underlying Action.

**WHEREFORE**, Plaintiff National Fire prays for judgment in its favor and against Defendant Mark and Beverly Roberts as set forth below.

### COUNT THREE

**(Declaratory Judgment – Punitive Damages Exclusion)**

42. National Fire repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth herein at length.

///

43. The Transcontinental Policy expressly precludes coverage for claims resulting from bodily injury, personal injury or property damage "assessed as punitive, exemplary, or vindictive against an insured."

44. The Underlying Action seeks recovery for exemplary damages against Mark and Beverly Roberts.

45. An award of exemplary damages is uninsurable. Moreover coverage for such an award is precluded by the Punitive Damages exclusion in the Transcontinental Policy.

46. By reason of the foregoing, National Fire seeks and is entitled to a declaration that it has no obligation to defend or indemnify Mark Roberts or Beverly Roberts in connection with the claim for exemplary damages in the Underlying Action.

**WHEREFORE**, Plaintiff National Fire Insurance Company of Hartford, Successor By Merger To Transcontinental Insurance Company, prays for judgment in its favor and against Defendants Mark and Beverly Roberts as follows:

(a) For a declaration that National Fire has no obligation to defend or indemnify Mark Roberts or Beverly Roberts in connection with the Underlying Action;

(b) For its attorneys' fees and costs pursuant to law; and

(c) For such other relief as is just and equitable herein.

Dated: June 13, 2008

COLLIAU ELENIUS MURPHY CARLUCCIO KEENER & MORROW

By: *Marsha L Morrow*
MARSHA L. MORROW
EDWARD J. TAFE
Attorneys for Plaintiff
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, SUCCESSOR BY MERGER TO TRANSCONTINENTAL INSURANCE COMPANY

**DEMAND FOR JURY TRIAL**

Plaintiff National Fire Insurance Company of Hartford, successor by merger to Transcontinental Insurance Company, hereby demands a jury trial as provided by Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: June 13, 2008

COLLIAU ELENIUS MURPHY CARLUCCIO KEENER & MORROW

By: *[signature]*
MARSHA L. MORROW
EDWARD J. TAFE
Attorneys for Plaintiff
NATIONAL FIRE INSURANCE COMPANY
OF HARTFORD, SUCCESSOR BY MERGERTO
TRANSCONTINENTAL INSURANCE COMPANY

# CERTIFICATION OF INTERESTED PERSONS OR ENTITIES
## [CIVIL LOCAL RULE 3-16]

Pursuant to Civil Local Rule 3-16, the undersigned certifies that, in addition to the parties named in this action, the following listed entities have a financial interest in the subject matter in controversy or in a party to the proceeding:

National Fire Insurance Company of Hartford, successor by merger to Transcontinental Insurance Company, is owned by Continental Casualty Company, which itself is owned by The Continental Corporation, which is not publicly traded. The Continental Corporation is owned by CNA Financial Corporation, which has issued shares to the public. Loews Corporation, a publicly traded company, owns the majority of the stock of CNA Financial Corporation. No other corporation owns 10% or more of the stock of CNA Financial Corporation.

Dated: June 13, 2008            COLLIAU ELENIUS MURPHY CARLUCCIO KEENER
                                & MORROW


                                By: /s/ Marsha L. Morrow
                                MARSHA L. MORROW
                                EDWARD J. TAFE
                                Attorneys for Plaintiff
                                NATIONAL FIRE INSURANCE COMPANY
                                OF HARTFORD, SUCCESSOR BY MERGER TO
                                TRANSCONTINENTAL INSURANCE COMPANY